UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH J. BAUWENS,<br>JACK BLOCK,<br>KEVIN CONNOLLY,<br>JOHN P. DALTON,<br>I. STEVEN DIAMOND,<br>DONALD FINN,<br>CHRISTOPHER N. MCCORMICK,<br>MARIO MILLER,<br>KEVIN O'SHEA,<br>and MICHAEL L. WALSDORF,<br>as the ELECTRICAL INSURANCE<br>TRUSTEES,<br><br>    Plaintiffs,<br><br>  v.<br><br>JONES SIGN CO., INC.,<br><br>    Defendant. | No. |

## COMPLAINT

The plaintiffs, KENNETH J. BAUWENS, JACK BLOCK, KEVIN CONNOLLY, JOHN P. DALTON, I. STEVEN DIAMOND, DONALD FINN, CHRISTOPHER N. MCCORMICK, MARIO MILLER, KEVIN O'SHEA, and MICHAEL L. WALSDORF, as the ELECTRICAL INSURANCE TRUSTEES (the "Trustees"), by their attorney, David R. Shannon, for their complaint against the defendants, JONES SIGN CO., INC. ("Jones"), state:

1. This action arises under the Labor-Management Relations Act, as amended (29 U.S.C. § 141 et seq.), and the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1001 et seq.). Jurisdiction is founded on the existence of questions arising thereunder.

2. Venue is proper in the Northern District of Illinois pursuant to 29 U.S.C. § 1132(e)(2) by virtue of the fact that the Trustees' administrative offices are located in Chicago, Illinois.

3. The plaintiffs are the duly appointed and acting trustees under an agreement originally entered into on June 24, 1930, between the Electrical Contractors' Association of City of Chicago ("ECA") and Local 134, International Brotherhood of Electrical Workers, and are known as the Electrical Insurance Trustees.

4. Jones is a Wisconsin corporation and an electrical contractor which executed a collective bargaining agreement with Local Union No. 134 International Brotherhood of Electrical Workers on March 5, 2014. A copy of the agreement is attached hereto as Exhibit A.

5. Under its agreement with Local 134, Jones agreed to pay certain wage rates and, in addition, to file a monthly report with and make a monthly contribution to the Trustees to cover certain fringe benefits.

6. Section (g)(1) of Article First of the insurance trust agreement ("Insurance Agreement") pursuant to which the plaintiffs are appointed trustees and which describes the duties and responsibilities of the Trustees provides as follows:

> The Trustees shall have plenary power to make, from time to time, and to enforce such rules and regulations for the determination of eligibility for benefits, for the proper collection and handling of said Fund, for the allocation of benefits to those eligible for it, for the determination of who may be beneficiaries and

the terms and conditions under which benefits shall be given to the beneficiaries and forfeited by them, and for the determination of methods of procedure and every other question (irrespective of its nature) arising in the collection and administration of said Fund, and generally in the carrying out of this Agreement, and in fully and completely accomplishing its purpose.

7. Section (g)(2) of Article First Insurance Agreement provides as follows:

"Each employer shall make continuing, prompt and proper payments to the Trust Fund in such amounts as shall have been agreed upon in writing from time to time, together with such amounts as may be provided for as liquidated damages with respect to delinquent accounts."

8. Section (g)(3) of Article First of the Insurance Agreement provides in part as follows:

"The Trustees, in their fiduciary capacities, shall have the power to demand and collect the contributions of the Employers to the Fund* * *. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest at the rate of 6% per annum on the moneys due to the Trustees from the date when the payment was due to the date when payment is made, together with all expenses of collection incurred by the Trustees."

9. Section (g)(5) Article First of the Insurance Agreement provides in part as follows:

"Each Employer shall promptly furnish to the Trustees, on demand, the names of its employees, their Social Security numbers, the hours worked by each employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust. The Trustees may, by their representatives, examine the pertinent records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust."

10. Section (o) of Article First of the Insurance Agreement provides:

> "To the fullest extent permitted by federal law, the Trustees shall have the discretionary authority to determine all questions arising in connection with the Trust Fund ... or as to the construction of the language or meaning of ... this instrument or as to any writing in connection with the operation of the Trust Fund or otherwise and the decision of a majority of the Board of Trustees, if made in good faith, shall be binding upon all persons dealing with the Trust Fund or claiming any benefits thereunder...."

11. In violation of its agreement with Local 134, Jones has failed and refuses to make fringe benefit contributions to the Trustees for health and welfare benefits for the employees covered by its agreement with Local 134.

WHEREFORE, the plaintiffs, KENNETH J. BAUWENS, JACK BLOCK, KEVIN CONNOLLY, JOHN P. DALTON, I. STEVEN DIAMOND, DONALD FINN, CHRISTOPHER N. MCCORMICK, MARIO MILLER, KEVIN O'SHEA, and MICHAEL L. WALSDORF, as the ELECTRICAL INSURANCE TRUSTEES, request the entry of an order directing JONES SIGN CO., INC. to produce its books and records and to permit the Trustees to complete a payroll audit covering the period from March 5, 2014 through the present and enter a judgment in favor of the Trustees and against JONES SIGN CO., INC. for the amount shown due for health and welfare fringe benefit contributions under the audit, together with liquidated damages, interest and costs of collection, including attorneys' fees. The Trustees also request the Court to grant such other legal or equitable relief as the Court deems appropriate.

                                    KENNETH J. BAUWENS, <u>et al</u>., as
the ELECTRICAL INSURANCE TRUSTEES

                                    /s/ David R. Shannon
                        By: _____
                                    One of Their Attorneys

David R. Shannon
Tenney & Bentley, LLC
111 West Washington Street
Suite 1900
Chicago, Illinois 60602
(312) 407-7800